# AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, Plaintiff,

v.

## Bobbie F. ANDERSON, Defendant.

### No. Civ.A. 3:99CV418BN.

United States District Court, S.D. Mississippi, Jackson Division.

Dec. 6, 1999.

David C. Dunbar, Grover Clark Monroe, II, Harris, Geno & Dunbar, P.A., Jackson, MS, for American Family Life Assurance Co. of Columbus, plaintiff.

Wayne E. Ferrell, Jr., Wayne E. Ferrell, Jr., Atty, Andre F. Ducote, Lundy & Davis, L.L.P., Jackson, MS, for Bobbie F. Anderson, consolidated plaintiff.

Peter Larkin Doran, Wells, Moore, Simmons & Hubbard, Jackson, MS, Life Investors Insurance Co. of America, consolidated defendant.

Jon Randall Patterson, Baker, Donelson, Bearman & Caldwell, Jackson, MS, for Rainmaker Construction L.L.C., consolidated defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on five motions. First considered is the Motion to Dismiss of Defendant Bobbie Anderson. Having considered the Motion to Dismiss, Response, Rebuttal, all attachments to each, and supporting and opposing authority, the Court finds that the Motion is well taken and is granted. Because the Motion to Dismiss is granted, the following Motions are denied as moot: 1) Motion of Plaintiff for Preliminary Injunction, 2) Renewed Motion of Plaintiff for Preliminary Injunction, 3) Motion of Plaintiff for Order to Arbitrate, and 4) Request of Plaintiff for an Evidentiary Hearing and AFLAC's Supplemental Evidence in Support of Renewed Motion for Preliminary Injunction.

### A. *Factual History and Procedural Background*

This case involves a Petition to Compel Arbitration filed by Plaintiff American Family Life Assurance Company of Columbus (hereinafter "AFLAC") against Defendant Bobbie Anderson. The AFLAC case relates to claims brought by Bobbie Anderson against AFLAC, Life Investors Insurance Company of America (hereinafter "Life Investors"), Rainmaker Construction L.L.C. (hereinafter "Rainmaker"), and Victor A. Sheely in the Circuit Court of the First Judicial District of Hinds County, Mississippi (hereinafter "state court case"). The state court case was filed on March 12, 1999.

The following facts underlie both the state court case and the AFLAC case.

On March 30, 1996, Anderson signed an employment contract with AFLAC entitled "Associates Agreement." See Complaint, Exhibit "B." Paragraph fifteen of the agreement is entitled "Arbitration." The arbitration clause states "[a]ny dispute arising under this Agreement, to the maximum extent allowed by applicable law, shall be subject to arbitration, and prior to commencing any court action the parties agree that they shall arbitrate all controversies." The state court Complaint alleges that in September 1997, AFLAC terminated its agreement with Anderson without sufficient notice or justification, and in violation of the employment contract. The Complaint further alleges that AFLAC, Life Investors, Rainmaker and Sheely were acting in concert and were conspiring with one another in all wrongful actions against Anderson. As such, each is allegedly liable for the harm caused to Anderson.

On April 12, 1999, AFLAC filed in the state court suit a Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings. Counsel for AFLAC argued this Motion before State Circuit Judge Tomie T. Green on June 11, 1999.[1] On June 16, 1999, only five days after Judge Green heard oral arguments on the Motion to Compel Arbitration, AFLAC filed a Petition to Compel Arbitration with this Court (the AFLAC case). The AFLAC case seeks to compel arbitration of the employment contract dispute. The next day, on June 17, 1999, AFLAC filed Notice of Removal of the state court case. In an order issued by

---

1. Surprisingly, the parties dispute the issue of whether counsel argued the Motion to Compel Arbitration before Judge Green. Anderson contends that the Motion was argued. AFLAC contends that Judge Green "summarily refused to stay the matter and advised the parties that the Motion to Compel Arbitration would be taken under advisement." *See* AFLAC's Response to Defendant's Motion to Dismiss, p. 1. Based upon an Order entered by Judge Green, this Court concludes that arguments were heard. The Order states

> [t]his matter, having come on for hearing on Defendant's ... *Motion to Compel Arbitration* and Motion to Dismiss Or, In the Alternative, to Stay Proceedings, and the Court, being fully advised in the premises and *hearing oral arguments from the parties*, finds that Defendant's Motion to Dismiss Or, In the Alternative, to Stay Proceedings is not well taken and should be denied. The Court will take Defendant's Motion to Compel Arbitration under advisement.

*See* Motion to Dismiss, Exhibit "D," Order Denying Motion to Dismiss or, in the Alternative, to Stay Proceedings (emphasis added).

United States District Judge Henry T. Wingate on July 7, 1999, the state court case, which had been removed to this Court (Civil Action No. 3:99CV421BN), was consolidated with the AFLAC case (Civil Action No. 3:99CV418BN). The consolidated case assumed Civil Action No. 3:99CV418BN. On August 13, 1999, AFLAC filed a Motion to Reconsider and Vacate Order Consolidating Cases. Additionally, the Motion prayed for this Court to remand the state court case to the First Judicial District of Hinds County, Mississippi. The Motion was granted in an order entered September 30, 1999. The state court case was remanded and the AFLAC suit remained in this Court under Civil Action No. 3:99CV418BN. The Motion of Defendant to Dismiss the AFLAC case was filed on October 12, 1999. The following analysis considers Defendant's Motion to Dismiss.

### B. *Analysis*

■ Defendant Anderson seeks dismissal of the AFLAC case because a similar proceeding to compel arbitration was initiated by AFLAC in state court. Analyzing the issue of whether to stay or dismiss a federal action on the grounds of "wise judicial administration," the United States Supreme Court set forth a series of factors to consider: "[1] which court first assumed jurisdiction over property involved in the litigation, [2] inconvenience of the federal forum, [3] avoidance of piecemeal litigation, and [4] the order in which the concurrent forums obtained jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2, 103 S.Ct. 927, 929, 74 L.Ed.2d 765. 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976)). Additionally, the *Cone* court recognized a fifth factor to consider when applicable. *Cone*, 460 U.S. at 23, 103 S.Ct. at 941. The fifth factor is whether "federal law provides the rule of decision on the merits." *Id.* The balancing of factors should weigh in favor of the exercise of federal jurisdiction. *Cone*, 460 U.S. at 2, 103 S.Ct. at 929 (citation omitted). "A federal district court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances; only the clearest of justification will warrant dismissal." *Cone*, 460 U.S. at 2, 103 S.Ct. at 929 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976)).

■ The decision of this Court hinges on application of the *Cone* factors to the facts of the case *sub judice*. Both parties agree that neither factor one nor factor two applies to the AFLAC case. No property over which jurisdiction may be exercised is involved and neither forum in question provides a more convenient forum to the parties. Therefore, the Court proceeds to analysis of factors three through five of *Cone*.

### 1) *Cone* Factor # 3: Avoiding Piecemeal Litigation

Factor three concerns a court's interest in avoiding piecemeal litigation. *Cone*, 460 U.S. at 1, 103 S.Ct. at 929 (citation omitted). In *Cone*, the federal court issue hinged upon whether the parties to the contract were required to arbitrate a dispute involving construction costs in a construction contract. The state court issue was whether an architect who reviewed and approved the costs, but who was not a party to the contract, would be liable for the cost overruns himself. These two issues were easily severable. In *Cone*, the court stated that piecemeal litigation may be required when necessary in order to enforce an arbitration agreement. *Cone*, 460 U.S. at 20, 103 S.Ct. at 939. However, the court went on to say "[a]lthough the hospital will have to litigate the arbitrability issue in federal rather than state court, that dispute is easily severable from the merits of the underlying dispute." *Cone*, 460 U.S. at 20–21, 103 S.Ct. at 939. The issue to be arbitrated in the case *sub judice* is whether to force arbitration of an employment contract that

was allegedly breached by AFLAC. The state court issue is whether both AFLAC and other AFLAC employees conspired in the alleged breach. These two issues are inherently intertwined and are not easily severable. *Cone* and the AFLAC case are distinguishable because of important factual differences in the two cases.

In *Snap–On Tools Corp. v. Mason*, 18 F.3d 1261 (5th Cir.1994), the United States Court of Appeals for the Fifth Circuit analyzed factor three of *Cone*. The arbitration agreement in Mason required arbitration of disputes for breach of the Dealer Agreement (the agreement that was allegedly breached) and "for claims 'arising out of or related to' the Dealer Agreement." *Id.* Because all claims in the state court tort suit arose out of the business relationship of the opposing parties, all issues were subject to arbitration. In *Mason*, the party favoring abstention by the federal court argued that some of the claims and some of the parties in the underlying state court action were not subject to the arbitration agreement in question. *Id.* at 1265. Holding that the federal court must not abstain from hearing the arbitration issue, the court reasoned that under the arbitration agreement, piecemeal litigation would be avoided. *Id.*

The AFLAC case is distinguishable from *Mason* in that *parties* other than AFLAC or Anderson are clearly not within the scope of the agreement. In *Mason*, the court based its decision in part on the fact that the arbitration agreement covers "claims against any 'employee, officer or director' of Snap-on [sic]." *Mason*, 18 F.3d at 1265. Because all of the state court case defendants were Snap–On employees, they were subject to the arbitration agreement. *Id.* This fact further minimized the possibility of piecemeal litigation in *Mason*. *Id.* In the case *sub judice*, piecemeal litigation will almost certainly result if this Court does not dismiss the AFLAC suit. Therefore, like *Cone*, *Mason* is distinguishable from the arbitration case before this Court. For these reasons, factor three of the *Cone* analysis favors dismissal of the AFLAC suit.

## 2) *Cone* Factor # 4: The Order in Which the Concurrent Forums Obtained Jurisdiction

█ Factor four considers the chronological order in which each forum obtains jurisdiction. *Cone*, 460 U.S. at 1, 103 S.Ct. at 929 (citation omitted). Additionally, factor four considers the stage or status of the litigation process in each forum. *Cone*, 460 U.S. at 21, 103 S.Ct. at 940. In both respects, factor four favors dismissal of the AFLAC suit. First, the state court case was filed on March 12, 1999, about ninety-six days prior to filing of the AFLAC suit in this Court. Although this fact supports dismissal of the AFLAC suit, it cannot be considered in isolation. "[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Cone*, 460 U.S. at 22, 103 S.Ct. at 940. Based on the holding in *Cone*, this Court must consider the stage of litigation at which both the state court and this Court have progressed in the dispute between AFLAC and Anderson.

Although many pleadings have been presented to this Court by both parties, the majority of time and resources expended by the Court have pertained to removal of the state court case by AFLAC, and the remand issue concerning that case. AFLAC has filed a Motion for Evidentiary Hearing on the arbitration issue, but no hearing has taken place. Conversely, in the state court case, oral arguments have been heard on the issue of arbitration. Subsequent to the remand of the state court case by this Court, Anderson filed a Motion for Ruling on Defendant's Motion to Compel Arbitration in the state court case. *See* Motion to Dismiss, Exhibit "K." For these reason, factor four of the *Cone* analysis favors dismissal of the AFLAC suit.

In *Cone*, the United States Supreme Court stated that the decision on whether to dismiss a case on the grounds of judicial administration is not a "mechanical" analysis, but rather a balancing of important

factors on a case by case basis. *Cone*, 460 U.S. at 2, 103 S.Ct. at 929. Based on the flexibility afforded by *Cone*, this Court will consider an additional set of facts under factor four of the *Cone* analysis. This supplemental analysis concerns the procedural maneuvering of AFLAC. The actions of AFLAC further support the Court's decision favoring Anderson on factor four.

Rather than initially filing a petition to compel arbitration in this Court, AFLAC chose to test the waters in state court first. On April 12, 1999, AFLAC filed in state court a Motion to Compel Arbitration and Motion to Dismiss or, in the Alternative, to Stay Proceedings. Arguments on the Motion were heard on June 11, 1999. Judge Tomie Green denied the Motion to Dismiss and the Motion to Stay, and took the Motion to Compel Arbitration under advisement. Only five days later, clearly before Judge Green had an opportunity to rule on the Motion to Compel Arbitration, AFLAC filed the Petition to Compel Arbitration with this Court. The next day, June 17, 1999, AFLAC removed the state court case to this Court. The case was remanded in an Opinion and Order entered on September 30, 1999. Based on the procedural maneuvering of AFLAC, blame for any delay in the arbitration process must be assigned to AFLAC. This further supports the Court's conclusion that factor four of the *Cone* analysis strongly favors dismissal of the AFLAC case.

### 3) *Cone* Factor # 5: Whether Federal Law Provides the Rule of Decision

The fifth factor the Court must consider is "whether federal law provides the rule of decision on the merits." *Cone*, 460 U.S. at 23, 103 S.Ct. at 941. This factor clearly favors AFLAC. Although state courts and federal courts have concurrent jurisdiction with respect to enforcement of the Federal Arbitration Act, "[s]ection 2 [of the Federal Arbitration Act] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural poli-cies to the contrary." *Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941–42. Without need for further analysis, the Court concludes that factor five favors AFLAC.

### C. *Conclusion*

Factors three and four of the *Cone* analysis favor Dismissal of the AFLAC Petition for Arbitration. Factor five favors retention of the AFLAC case by this Court. Factors one and two do not apply to the facts of this case. In conclusion, the Court will carry the analysis one additional step. In *Cone*, the United States Supreme Court stated "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Cone*, 460 U.S. at 16, 103 S.Ct. at 937. As a result of the procedural maneuvering by AFLAC, which caused the issue of arbitration to consume the time and resources of both the state court and this Court, factor four of the *Cone* analysis is assigned the greatest weight. Because two of the *Cone* factors favor Anderson and only one factor favors AFLAC, and because one of the two factors favoring Anderson's position is given the greatest weight in this Court's analysis, Anderson's Motion to Dismiss the AFLAC suit is well taken and should be granted. As a result, all other Motions pending before this Court are moot and should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [36–1] is well taken and is hereby granted.

IT IS FURTHER ORDERED that Motion of Plaintiff for Preliminary Injunction [6–1] and the Renewed Motion of Plaintiff for Preliminary Injunction [29–1] are moot and are hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff for an Order to Arbitrate [34–1] is moot and is hereby denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff for an Evidentiary

Hearing [35–1] is moot and is hereby denied.

SO ORDERED.